Gloria CATALDI, otherwise Sadie G.
Cataldi, Appellant,

v.

Helen T. WERTH et al., Appellees.

No. 16838.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 5, 1962.

Decided Nov. 15, 1962.

Mr. William H. Collins, Washington, D. C., for appellant.

Mr. J. E. Bindeman, Washington, D. C., with whom Mr. Leonard W. Burka, Washington, D. C., was on the brief, for appellees.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

DANAHER, Circuit Judge.

After a trial before Judge Hart, an order was entered permanently restraining the appellant and those in privity with her from "permitting premises at 2373 Rhode Island Avenue, Northeast, to be used for the sale of malt, beer, spirituous or intoxicating liquor." [1]

The District Court's findings disclose that in 1899 there was filed with the Surveyor of the District of Columbia a plat entitled "Resurvey of Woodridge" which included an area approximately fifteen city blocks square. Within that area was the property now owned by the appellant which was one of four lots fronting on Rhode Island Avenue, Northeast, already devoted to commercial purposes by 1920 when zoning regulations of the District of Columbia became effective. All other property in the Woodridge tract was then and ever since has been designated as "residential."

Since 1899 and 1900, each deed of conveyance of the various parcels of land within the Woodridge area contained a restrictive covenant which in pertinent part provided that no building on any such land

---

[1]. An order with like effect was entered against Bran-Lamperis, Inc., which has not appealed.

"shall be used for the purpose of the manufacture or sale of malt, beer, spiritous of [sic] intoxicating liquors of any kind. This not, however, to apply to the use or sale by druggists for medicinal purposes. All the above conditions to run with the land."

The three appellees before us are, and for some years have been, owners of residence properties within the Woodridge tract, having taken title to their properties subject to the covenant. When the appellant's prospective lessee, Bran-Lamperis, Inc., sought from the District's Alcohol Beverage Control Board permission to move its Class "A" liquor license to the appellant's premises, with the intention of there selling beer, spirituous and intoxicating liquors, the appellees filed their complaint in the District Court seeking enforcement of the covenant against the appellant and her prospective lessee.

In light of the appellant's contentions and the full argument of respective counsel, we have carefully examined the entire record. We are satisfied that the findings of the District Court must be sustained.

 The restrictive covenant not only had run with the land since 1899, but appellant, herself, had taken title subject to its terms. Appellant's prospective lessee would have used the premises for the sale of spiritous and intoxicating liquors in violation of the covenant had it not been for the restraining action. Clearly the appellant had fully acquiesced in the intended use; indeed she has here persisted in seeking a declaration by this court that the burden of the covenant no longer obtains.

We are satisfied that the order is moot so far as the prospective lessee is concerned. It is not before us as a party, and it was conceded in argument that the corporate lessee has gone out of business.

The situation is otherwise with respect to that portion of the order which runs against the appellant. United States v. W. T. Grant Co., 345 U.S. 629, 632, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). To the extent that appellant denounces the injunction in that it purports to be "permanent," we need only note that it is operative for the period "for which it may last." Milk Wagon Drivers Union of Chicago v. Meadowmoor Dairies, 312 U.S. 287, 298–299, 61 S.Ct. 552, 85 L.Ed. 836 (1941). Should the character of the neighborhood so far change in future or should it otherwise be established that continuation of the injunction has become illegal or inequitable, "relief in respect of an actual controversy regarding its application and effect may be sought in the District Court under Rule 60(b), Fed. Rules Civ.Proc. 28 U.S.C.A." Acheson v. Albert, 90 U.S.App.D.C. 294, 297, 195 F.2d 573, 576 (1952).

Affirmed.